## Clabby's Estate.

Argued January 15, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, and DREW, JJ.

*Edward F. Hitchcock,* for appellant.—Proceedings are de novo before the orphans' court in an appeal from an appraisement to assess transfer inheritance tax under the Act of June 20, 1919, P. L. 521, article II, section 13: Wanamaker's Est., 8 D. & C. 569; Leach's Est., 282 Pa. 545; Connell's Est., 282 Pa. 555; Wood's Est., 29 Pa. Dist. 960; Rockhill I. & C. Co. v. Fulton Co., 204 Pa. 44; Del., L. & W. R. R. Co.'s Tax Assessment, 224 Pa. 240; Lehigh, Etc. Coal Co.'s Assessment, 225 Pa. 272; Lehigh Val. Coal Co. v. Northumberland Co., 250 Pa. 515; Kemble's Est., 280 Pa. 441; Penna. Co., for Ins. on Lives, etc., Co.'s App., 282 Pa. 69; Bagley v. Cameron, 282 Pa. 84.

If hearing on tax appeal is de novo, the presumption that the appraisement is correct is only prima facie and the burden on appeal is not to prove it is manifestly unfair and unconscionable: Lehigh Coal Co.'s Assessment, 225 Pa. 272; Lehigh Val. Coal Co.'s Assessment, 250 Pa. 515; Penna. Co., for Ins. on Lives, etc., App., 282 Pa. 69; Du Bois's App., 293 Pa. 186.

On an appeal from transfer inheritance tax appraisement, the orphans' court must make separate findings of the material facts from the evidence.

*William M. Boenning,* Special Deputy Attorney General, with him *Herman J. Goldberg,* Deputy Attorney General and *William A. Schnader,* Attorney General, for appellee.—On appeal from an appraisement made by an appraiser appointed by the register of wills, under the Act of June 20, 1919, P. L. 521, and its supplements, imposing transfer inheritance tax, there is a prima facie

presumption that such appraisement was "fair and conscionable."

There is a presumption that official acts or duties have been properly and regularly performed, as well as a presumption that everyone does his duty: Heilbruner v. Wayte, 51 Pa. 259; Phila. v. Com., 52 Pa. 451; Vernon Twp. v. Gas Co., 256 Pa. 435.

Among the classes of officers and official bodies, in favor of whose acts a presumption of regularity has been ratified by the Courts of Pennsylvania, are the following: Constables (Murphy v. Chase, 103 Pa. 260); Judges (Cromelien v. Brink, 29 Pa. 522); Justices of the Peace (Kane v. School District, 12 Dist. 90); Recording Officers (Com. v. Atlantic R. Co., 53 Pa. 9); School Officers (Wertz v. Oliver School District, 43 Pa. Superior Ct. 1); Secretaries of State (Com. v. Atlantic Railway Co., 53 Pa. 9); Sheriffs (Borlin v. Com., 110 Pa. 454, and Com. v. Hughes, 33 Pa. Superior 90); Supervisors (Vernon Township v. United Natural Gas Co., 256 Pa. 435); Surveyors (Fritz v. Brandon, 78 Pa. 342, and Ralston v. Groff, 55 Pa. 276); Trustees in Bankruptcy (Laubaugh v. P. R. R., 28 Pa. Superior 247); Registers of Wills (Deschamp's Est., 41 Pa. C. C. R. 227, and Freas's Est., 10 Dist. 333); Executors in the payment of inheritance tax (Stewart's Est., 147 Pa. 383, and Ward's Est., 26 Pa. Dist. 990).

An appraiser duly appointed under the provisions of the Act of June 20, 1919, is a public officer in the performance of his duties, so as to make such appraisement an official act: Fasig's Est., 20 Pa. Dist. 77; Com. v. Freedley, 21 Pa. 33; Moneypenny's Est., 181 Pa. 309; Kemble's Est., 280 Pa. 441.

The burden of proof is on the appellant on appeal from an inheritance tax appraisement: Goldstein's Est., 16 Phila. 319; Lehigh Val. Coal Co. v. Commissioners, 250 Pa. 515; Lehigh & Wilkes-Barre Coal Co.'s Assessment, 225 Pa. 272; Penna. Co.'s App., 282 Pa. 69.

Opinion by Mr. Justice Kephart, June 30, 1932:

Thomas F. Clabby, appellant, inherited from his brother 8,685 shares of stock of the Texas & Pacific Railway Co., which he owned at the date of his death on July 21, 1922. The New York Stock Exchange quoted the stock on the day following decedent's death at "low, 29, high, 29½," and, for the purpose of the State's inheritance tax, it was appraised at $29 a share. Thomas F. Clabby, being dissatisfied with this appraisement, appealed to the orphans' court under the Act of 1919, to determine all questions relating to this valuation, as it had the power to do, subject to the right of appeal.

Appellant contends the proceeding before the orphans' court is "de novo," and the burden of proof lies on the State to establish value. The procedure, in such appeals, is analogous to appeals from the action of county commissioners sitting as a board of revision. We have held in such cases that "The taxing authorities make out a prima facie case by the introduction in evidence of the assessment of record in the office of the county commissioners, as approved by the board of revision:" Lehigh Valley Coal Co. v. Northumberland Co., 250 Pa. 515. The same rule applies to appeals from valuations for inheritance tax purposes.

The judge of the orphans' court who took the testimony, on the appeal expressed the view that "the evidence......does not convince......that the appraisal is manifestly unfair and unconscionable." The court in banc sustained this view. Appellant seems to think that such holding cast on him an unduly heavy burden of proof by compelling him to prove not merely that the appraiser did not fairly appraise but that such appraisement was "manifestly unfair and unconscionable." If the appraiser erred in his appraisal he failed to do his duty and his appraisal would be "unfair."

Appellant also contends that the court below erred in accepting stock market quotations as of the date in question as the sole evidence of value of the stock for taxing

purposes. He argues that the evidence shows the large block of stock bequeathed to the appellant could not have been sold during the few months following the death of the testator except at a figure far below the appraised value, and that upholding the State's appraisement was an arbitrary acceptance of stock market quotation as of the date of the death of the decedent as the basis of value.

The test is, value at the date of death. But, the value of a few shares of stock on the day of death does not always fix the value of large blocks of stock, in this case over 8,500 shares. If these shares were placed on the market for sale on the day Clabby died they might not have brought anything like the price of a few shares. Both sides called brokers as witnesses to show this fact. They testified as to the effect of throwing large blocks of stock on the market. This evidence of experts was entirely competent to show the error in accepting the price of a few shares on a given date as governing a large block offered for sale. During the week following the death only 4,600 shares of this stock were sold and during the six months that followed the stock dropped to $20 a share.

While market quotations on the day of death are evidence of value of stock, they are not conclusive of the actual value of the stock at that time. In fixing value, other evidence having a tendency either to decrease or increase the value as of the day of death is competent and should be considered. The rule for determining value for inheritance taxation contemplates a range of the entire market and the averaging of prices as found running through a reasonable period of time: Kountz v. Citizen's Oil Ref. Co., 72 Pa. 392; Seward v. Penna. Salt Mfg. Co., 78 Pa. Superior Ct. 319. While evidence may be shown by the testimony of experts, that evidence showing different values of the stock would not be different in quality from the varying values given by experts in showing the market value of real estate. As

different uses of such property may be considered in forming an opinion of its worth, so the evidence here given by appellant and the Commonwealth as to the result of throwing large blocks of stock on the market, though differing in amounts, may be considered. Men who have had experience in selling stock in lots both large and small are therefore competent to give an opinion as to the effect of dumping a large block of stock on the market. It was therefore competent to show what in the opinion of the experts the value of the stock thus sold would be under actual conditions in business. Such evidence is substantial when grounded on actual experience, and cannot be classed as defective unless all expert evidence is to be so considered. There may also be other circumstances where it would be entirely unfair to the estate if stock market quotations on the day of death should be accepted as an arbitrary standard in fixing values; for illustration, where a death occurred immediately before the great slump of 1929, a tax fixed thereafter on the basis of the then stock market value might result (when it came to paying it) in wiping out the entire estate. In an appeal of this character regarding the correctness of the appraisement, all pertinent testimony should be considered, and that of brokers called on both sides should be given due weight.

The court below, after considering all the evidence, found the value of the stock for the purposes of assessment to be that which had been returned by the assessor. This conclusion, being a finding of fact based on the evidence, following our rule, will not be disturbed unless there is a manifest abuse of discretion, which is not shown here: Sheets v. Armstrong, 307 Pa. 385; Silverstein v. Boyle, 306 Pa. 544; Houghton v. Kendrick, 285 Pa. 223.

The appellant further claims that the court below did not make separate findings of fact. Perhaps it would have been better in cases of this kind, to make separate

294

findings, but no law or rule of court requires it, and we would not reverse because it was not done.

The decree of the court below is affirmed; cost to be paid by the appellant.