Provident Trust Company of Philadelphia *v.* Scranton Lackawanna Trust Company et al., Appellants.

Argued April 24, 1936.   Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Earl V. McLaughlin,* with him *R. P. Campbell, David J. Davis* and *H. R. Van Deusen,* for appellants.

*C. H. Welles,* of *Welles, Mumford, Stark & McGrath,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 26, 1936:

This is a proceeding under the Deficiency Judgment Act of July 1, 1935, P. L. 503, 21 P. S. 806, to fix the fair value of real estate sold at sheriff's sale under a mortgage foreclosure. The court fixed the value at $31,000 and entered a deficiency judgment for $9,406.29.

Appellants contend that the value should have been found to be higher, that the court disregarded the rule defining fair value as we have declared it and also disregarded the testimony of real estate experts called to establish value and based its conclusion on the nonexistence of a mythical person called "a willing purchaser" and on the fact that no willing purchaser has actually appeared. We do not so measure the court's finding. While it is true the court in its opinion speaks, perhaps somewhat facetiously, about "what the price would have been if a willing seller had met a mythical and at present nonexistent person entitled 'a willing purchaser,' " its opinion shows that the conclusion was reached by weighing the testimony of the seven qualified experts who were called, three by petitioner and four by respondents, whose estimates of fair value ranged from $28,000 to $45,000.

The court adopted the highest value fixed by petitioner's witnesses, namely $31,000. All of the witnesses based their estimates on the fair market value on the date of the sheriff's sale. Those called by appellants, who fixed the higher value, made their estimates upon the assumption that the purchaser would spend $5,000 in repairs to the building which was old and in poor condition. In coming to its decision we are satisfied the court followed our ruling in *Market Street National Bank v. Huff*, 319 Pa. 286, 179 Atl. 582. The cases cited by appellants about reviewing deductions from undisputed facts have no application here. The conclusion had to be reached by weighing conflicting evidence.

In cases of this class we are loath to disturb the findings of the courts of first instance. As we said in *Webster's Est.*, 314 Pa. 233, 236, 171 Atl. 568, 570, "in the very nature of things we must rely upon the judgments of the courts of first instance in fixing values."

The judgment is affirmed.