## Wolfe's Estate

*T. McKeen Chidsey*, Attorney General, and *George W. Keitel*, Deputy Attorney General, for Commonwealth.

*John McI. Smith*, for appellant.

WRIGHT, P. J., October 29, 1947.—This is an appeal from the inheritance tax appraisement in the estate of Charles K. Wolfe, late of the City of Harrisburg, deceased. The method of appraising a decedent's assets and assessing inheritance tax has been set forth by Judge Stearne, now Mr. Justice Stearne, in Borie's Estate, 13 D. & C. 355, cited with approval in Commonwealth v. Chamberlin Estate, 346 Pa. 472, 474; Haid

Estate, 347 Pa. 159, 161. The tax itself is not on the transfer of specific property, but an excise on the privilege of inheritance: Tack's Estate, 325 Pa. 545.

The precise matter here at issue is the value, as of the date of death, of item 1 of decedent's real estate, commonly known as 317 Walnut Street. The procedure on appeals of this nature is prescribed in section 13 of the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, as amended. The Supreme Court has repeatedly declared that such procedure is analogous to that on appeals from the action of county commissioners sitting as a board of revision. It is clear that the appraisement makes out a prima facie case. The Commonwealth then contends, and this is conceded by appellants, that the burden of proof rests upon appellants to show that the valuation fixed by the appraiser is excessive. Such has been the construction heretofore applied in this court: Keller's Estate, 53 Dauph. 317; Schwab's Estate, 56 Dauph. 57. We will, therefore, dispose of the case upon this theory.

At the hearing the Commonwealth offered the appraisement in evidence and rested. We then permitted counsel for appellants to call J. Q. A. Rutherford, the appraiser, on cross-examination. It is our opinion that this was correct procedure, but in any event such cross-examination did the Commonwealth no harm: Metropolitan Edison Co.'s Appeal, 307 Pa. 401, 404. Franklin Moore testified that the sale of the adjoining Bowman property, relied on to some extent by the appraiser, was made under special circumstances and that the price paid was in excess of the market value and not a criterion thereof. Appellants were then permitted to show the assessed valuation of the real estate in question. While generally not admissible, this information had been required for, and appears in, the appraisement itself. Furthermore, the Commonwealth subsequently established the assessed value of the adjoining Bowman property, making use of both

assessments in oral argument by way of proportionate comparison. Appellants finally called two expert real estate appraisers who testified in considerable detail. Evan J. Miller fixed the value of the property at the date of decedent's death at $215,000. The corresponding figure given by William J. Daylor was $221,750. The Commonwealth then called two expert real estate appraisers, W. Grant Rauch and William H. Nelson, who fixed the value respectively at $305,100 and $287,880.

In the ultimate analysis we are confronted with the testimony of two experts that the appraisement was $38,250 to $45,000 too high as opposed to the testimony of two experts that the appraisement was from $27,880 to $45,100 too low. All four of these gentlemen were admittedly competent witnesses. Mr. Rauch, Mr. Nelson, and Mr. Daylor testified in Keller's Estate, supra, in which Judge Richards made the following observation: "All of these witnesses are reputable members of this community and are personally known to the court". We have no doubt that this observation would also apply to Mr. Miller. Our independent judgment is that all four experts were thoroughly qualified and that their conclusions were reached in a fair manner. Under the circumstances we are entirely clear that appellants have not sustained the burden of proof to show that Mr. Rutherford's appraisement was excessive. We must necessarily conclude that the value fixed by the appraiser was fair. We therefore find as a fact that the value as of the date of death of item 1 of decedent's real estate, commonly known as 317 Walnut Street, was $260,000.

It should be noted that this is not a situation where the Commonwealth relies solely on the appraisement and the only evidence submitted is that on behalf of appellant: Kaemmerling's Appeal, 282 Pa. 78, 83. Nor is it a situation where all the testimony establishes a value less than that fixed by the appraiser: Pennsyl-

vania Stave Co.'s Appeal, 236 Pa. 97, 102. On the contrary, it is a situation where the appraiser's valuation lies within conflicting evidence: Liebman v. Board of Revision, 355 Pa. 42.

We respectfully suggest that there is a fundamental inconsistency between the pronouncement on the one hand that the hearing upon an appeal of this nature is de novo (McLure Appeal, 347 Pa. 481), and the pronouncement on the other hand that appellant in such hearing has the burden of proof (as opposed to the burden of going forward with evidence) to show that the appraisement was unfair: Clabby's Estate, 308 Pa. 287. We have concluded, however, not to burden this opinion with an expression of our views on the subject, other than to mention that there is also involved the collateral question of the Commonwealth's right to appeal.

## Decree

Now, October 29, 1947, upon consideration of the foregoing case, it is ordered, adjudged, and decreed that the value, as of the date of death, of item 1 of decedent's real estate, commonly known as 317 Walnut Street, was $260,000. The appeal is dismissed at the cost of appellants. An exception is noted.

## Opinion sur exceptions

WRIGHT, P. J., December 3, 1947.—On October 29, 1947, there was entered in the above matter what we considered to be a final decree. Counsel for appellants has filed a number of exceptions to what he terms "the adjudication". These exceptions have been examined carefully and found to possess no merit. We would prefer to discuss and dispose of them on that basis, rather than on procedural grounds. However, there is a question of practice involved which is of paramount importance.

Dauphin County is a district which has a separate orphans' court composed of a single judge. The Su-

preme Court has stated that, in districts having no separate orphans' court but more than one common pleas judge, the practice on appeals from inheritance tax appraisements should be assimilated to that in equity. The first decree entered by the single judge should be regarded as one nisi, to which exceptions may be filed to be disposed of by final decree of the court en banc: Commonwealth v. Linderman's Estate, 340 Pa. 289. There were unusual circumstances in that case, and the decision has apparently been limited to such districts: Erie v. Piece of Land, etc., 341 Pa. 310.

The right to file exceptions is almost entirely governed by rule of court: Remick's Penna. Orphans' Court Practice, sec. 294; and see section 7, rule 1 of the Uniform Orphans' Court Rules. The Orphans' Court of Dauphin County has no rule which provides for the filing of exceptions in the present situation. We cannot agree with counsel for appellants that his exceptions are authorized by section 3, rule 1. That section relates to the filing of exceptions to an adjudication, a term ordinarily applied to the order entered upon audit or confirmation of an account. There is express provision therein for service of a copy of such exceptions upon "counsel for the accountant".

Nor can we agree that the filing of exceptions was necessary in order to preserve the right of appeal. It should be stated that we intended to protect the right of appeal by expressly noting an exception in our original order. Counsel for appellants relies upon Wagner's Estate, 289 Pa. 361, which involved an appeal from the register of wills to the Orphans' Court of Allegheny County. The Supreme Court quashed an attempted appeal by one of the litigants because he filed no exceptions to the decree of the lower court. This decision does not control the present case for several reasons, the most obvious being that the Orphans' Court of Allegheny County, which is composed of more than one judge, has a general rule (section 12, rule 7) which provides for the filing of exceptions.

It is our conclusion and we expressly rule that in a district which has a separate orphans' court composed of a single judge, and which has no rule of court to the contrary, the order entered by the single judge disposing of an appeal from an inheritance tax appraisement is a final decree. The court cannot allow the filing of exceptions to a final decree: Core's Estate, 113 Pa. Superior Ct. 388. We suggest to counsel for appellants that he take his predicted appeal within three months from the date of our original order.

### Decree

Now, December 3, 1947, in accordance with the foregoing opinion, appellants' exceptions are dismissed at their cost.