## Beale Estate

*William E. Parke* and *A. Thomas Parke*, for appellant.

*P. Richard Klein*, for Commonwealth.

MACELREE, P. J., August 7, 1964.—There has been submitted to this court for adjudication two questions pertaining to the Pennsylvania inheritance and estate taxes . . .

The first question stated in the petition for adjudication is as follows: "How should stocks listed on the New York or American Stock Exchange be valued when the decedent died on a Saturday?"

The real question, we believe, is not that general. We think the question which this court must decide is whether or not the appraisal as made by the Commonwealth is manifestly unfair or unconscionable.

Section 104 of the Inheritance and Estate Tax Act of 1961 provides:

"Powers of Secretary of Revenue; Regulations.— The Secretary of Revenue shall have complete supervision of the making of appraisements, the allowance of deductions, and the assessment of tax, including, but not limited to, the power to regulate the actions of registers in the allowance and disallowance of deductions and assessment of tax. He shall have the power to adopt and enforce rules and regulations for the just administration of the Act."

The foregoing section, when adopted, was in conformity with then existing law.

It does not appear from any testimony that the Secretary of Revenue has seen fit to take any official action by adopting rules and regulations.

It does appear from the testimony of Joseph F. Shumay, Assistant Chief Inheritance Tax Officer of the Department of Revenue of the Commonwealth,

that since 1955 his department has instructed appraisers to use in transactions where decedent died not only on a weekend but also legal holidays the mean value of the next preceding date. It further appears that such a formula was used in the subject estate.

It is certainly not the function of this court to usurp responsibilities imposed by statute upon the Secretary of Revenue.

In an appeal such as we have here, our function is not to promulgate rules and regulations but rather to determine whether the particular regulation under which the appraisement was made by the Commonwealth is manifestly unfair or unconscionable.

Even absent any official exercise by the Secretary of Revenue of the Commonwealth of Pennsylvania of the authority afforded him, we believe there is still the presumption that the Commonwealth's appraiser performed her duty properly: Clabby's Estate, 308 Pa. 287, 291.

The executor of decedent's estate having appealed to the court under section 1001 (2) of the Pennsylvania Inheritance and Estate Tax Act of 1961, there being in our opinion a presumption that the appraiser performed her duties properly, the burden then became that of the taxpayer to prove error in the appraisement.

The appellant contends that the use of the mean value of the preceding day is unreasonable and that the Federal rule as set forth in Federal estate tax regulations should have been applied.

The Federal valuation system where death occurs on a weekend or a holiday is the mean between the high and low for Friday if the death occurred on a weekend and the mean of the high and low on Monday after death, and the average between these two means.

While uniformity of method by the State and Federal Government is desirable, we find no basis for con-

cluding that lack of uniformity with Federal regulations constitutes an error. In fact, we find authority to the contrary: McLure Appeal, 347 Pa. 481.

In the subject estate where the tax is disputed, the burden, we believe, is as we have stated above, to wit: that of the taxpayer to prove error. The only testimony offered on behalf of the taxpayer in that connection was that of Messrs. Quigley, Williams, Fassett and Hartzell.

Wesley H. Quigley identified himself as vice president, in charge of the Tax Division of Fidelity-Philadelphia Trust Company. He testified as to the practice in that institution involving the valuation of securities where a decedent died over a weekend or on a holiday, and that their bank was accustomed to using the Federal valuation system. He admitted, however, in one instance the Commonwealth disapproved the system and insisted on using the mean of Friday preceding decedent's death. The matter was not appealed because the changes were of a minor nature involving a difference of but $4 in tax. Mr. Quigley testified further where there is a different system used for Federal and State calculations, it does complicate the accounting procedures and records.

John E. Williams identified himself as being vice president in charge of the Tax Division of Provident Tradesmens Bank and Trust Company of Philadelphia. He testified as to some 38 estates where decedents died over a weekend or a holiday since the effective date of the Inheritance and Estate Tax Act of 1961. In only one instance was a change made, and the change was so minor it was not considered worthwhile to appeal. In that one instance, the Commonwealth of Pennsylvania used the mean of the sales the Friday before the date of death.

In the opinion of this court the fact that the Commonwealth made but one change is not necessarily

persuasive in that the mean on the Monday succeeding death might well have been substantially the same.

C. David Fassett identified himself as being assistant vice president in the Tax Division of the First Pennsylvania Banking and Trust Company. He testified to two instances where the Commonwealth made changes in valuation, that one of them came up in favor of the Commonwealth and the other the converse. He testified that his banking institution used the Federal method and the Pennsylvania inheritance tax appraiser used the preceding Friday method. Identifying the two estates, he testified that one resulted in a $15,000 difference in valuation to the benefit of decedent's estate and the other one amounted to a net increase of $14.13. In neither of these cases was any appeal taken.

Robert H. Hartzell identified himself as being tax accountant at the Central-Penn National Bank of Philadelphia. He testified as to four instances in which his bank had used the Federal rule, so-called, and in none of the instances was any change made by the Pennsylvania inheritance tax appraiser. His conclusion was the Commonwealth must have applied the Federal rule because he believed the value for the day preceding decedent's death would have been different than that used in the return. This appears to be merely supposition on his part. Mr. Hartzell expressed the hope that the Federal method should be adopted for the sake of uniformity.

In the opinion of this court none of this testimony is helpful in determining the merits of the question before the court, nor does it, in the opinion of this court sustain the burden placed upon the appellant.

As pointed out by Mr. Justice Kephart, in Clabby's Estate, supra:

"There may also be other circumstances where it would be entirely unfair to the estate if stock market

quotations on the day of death should be accepted as an arbitrary standard in fixing values; . . ."

It may well be that no inflexible rule should be adopted. We are not called upon to decide that question in this estate. We are called upon to determine whether the appraisal as made by the Commonwealth is manifestly unfair or unconscionable.

We find in this record no evidence to support either of such contentions. . . .

*Conclusions of Law*

1. We conclude as a matter of law that the appellant, Horace A. Beale, 3rd, has not met the burden of proof to justify a finding that the appraisement of securities by the Commonwealth of Pennsylvania was either manifestly unfair or unreasonable, and said appraisement is confirmed as to an increase of $9,-944.08. . . .