## Yarnall Estate

*William H. Mitman,* for appellants.
*L. Peter Temple,* contra.

KURTZ, *P.J.,* January 20, 1975 — Eugene C. Yarnall and Olive L. Paisley, issue of decedent,

Joseph M. Yarnall, are residuary legatees and devisees under the terms of their father's will. They have presented their petition which avers that the executors of that will filed an inventory and appraisement of decedent's estate in which they valued his farm property, consisting of 80.9 acres, in Londonderry Township, in this county, at $81,000. They also aver that the Pennsylvania Department of Revenue reappraised that property at $125,000, after which the executors protested that valuation; that a hearing was then held before the Inheritance Tax Protest Board; and that the only competent evidence of value introduced at that hearing was the appraisal of one, Masi, fixing its firm market value at $95,000. It is also averred that, despite that testimony, the Department of Revenue finally valued the farm at its original inventory figure, or $81,000. The petition prayed that it be entertained as an appeal "from the decision of the Inheritance Tax Protest Board;" that we proceed to a determination of the issue presented to the Inheritance Tax Protest Board; and that a citation issue to the executors requiring them to show cause why the appeal should not be allowed and the value of the estate increased in accordance with the averments of the petition.

A citation directed only to the executors when issued.* A hearing was held in which the only participants were the petitioners and another son of

---

* Although the residuary beneficiaries were not made parties respondent, they were given notice of the issuance of the citation and of the time and place of the hearing. The Commonwealth was not made a respondent, neither did the citation direct that it be given notice. However, it was represented at the hearing by a Deputy Attorney General.

decedent, Edson Booth Yarnall, whose interest in the farm property is defined in decedent's will in the following language:

"ITEM III. If my son, EDSON BOOTH YARNALL shall survive me, and at the time of my death, I still own my farm located in Londonderry Township, Chester County, Pennsylvania, and containing about eighty-one (81) acres, I hereby direct that my said son shall have the opportunity of purchasing the same at the price set for Pennsylvania Transfer Inheritance Tax purposes within twenty (20) days after said appraisement is made by the Inheritance Tax Appraiser. . . . If my son fails to give such notice or does not desire to purchase said real estate, my executors are hereby authorized to sell and dispose of said real estate at public or private sale, at such price or prices and upon such terms and conditions as to them shall seem best."

Decedent died October 17, 1973. His will was dated January 31, 1961. It was admitted to probate in due course, after which the executors filed their inventory and appraisement in which the farm was valued at $81,000 as hereinabove mentioned. On May 15, 1974, the inheritance tax appraiser of the Department of Revenue appointed for Chester County filed an appraisement in which she valued the farm at $125,000. After a protest was filed with the Department of Revenue in accordance with the provisions of section 1001 of the Inheritance Tax Act of June 15, 1961, P.L. 373, 72 P.S. §2485-1001, and a hearing was held thereon, the appraisal of the property for inheritance tax purposes was finally fixed at $81,000. The documentary evidence offered by the appellants at the hearing before the court sustains these findings.

In addition, the executors offered the testimony of a real estate expert who placed a value of $122,000 upon the property, asserting that its highest and best use would be for residential development. He indicated that his opinion was based upon personal experience acquired in the development of other properties in the same locality and a comparison of sale prices of comparable properties reflected in recent sales. The only other evidence presented was that of an expert employed by E. Booth Yarnall. He said that the property could best be used for agricultural purposes. He also testified that in his opinion it had a fair value of $95,000. Neither the Commonwealth nor the personal representatives, both of whom were represented at the hearing, offered any testimony.

From the foregoing it is obvious that this is not the usual case in which the Commonwealth seeks to sustain a higher appraisal of estate property for the purpose of assessing a higher tax upon its transfer, while the taxpayer is seeking to avoid the payment of the amount of tax which the State has assessed as being due. Although some question might be raised as to the standing of these appellants to pursue this appeal, none such has been voiced by any of the parties involved. Additionally, we note that section 1003 of the Inheritance Tax Act, 72 P.S. §2485-1003, permits "[a]ny party in interest" to take an appeal from the decision of the Department of Revenue. Since these appellants are residuary beneficiaries upon whom the burden of this tax will fall under the provisions of the will, they are "parties in interest" within the meaning of the statute, even though they are here attempt-

ing to enlarge and increase the tax liability which they will ultimately be compelled to assume.

Section 706 of the act, 72 P.S. §2485-706, directs the Secretary of Revenue to make "fair and conscionable appraisements of property, the transfer of which is subject to tax . . ." Clabby's Estate, 308 Pa. 287, 291, 162 Atl. 207 (1932), stands for the proposition that: " 'The taxing authorities make out a prima facie case by the introduction in evidence of the assessment of record in the office of the county commissioners, as approved by the board of revision:' [citing cases]. The same rule applies to appeals from valuations for inheritance tax purposes." See also Webster's Estate, 314 Pa. 233, 171 Atl. 568 (1934).

We recognize that these rules were enunciated in cases in which the contest was between the taxing authority and the taxpayer. However, in this case the petitioners and ultimate taxpayers have made the secretary's appraisal a part of the record. They have also presented expert testimony which would indicate that this land had a much greater value. The Commonwealth's failure to participate in this proceeding would indicate that it is satisfied to have the tax due assessed in accordance with the valuation which it has imposed. This proceeding is one of several steps prescribed by statute to ascertain how much tax must be paid. It is not designed to determine a question of disputed value between parties interested in the distribution of decedent's estate. We are not inclined to force the Commonwealth to assess a tax in a greater amount than that which it is willing to accept. Accordingly, we will not disturb the valuation made by the Secretary of Revenue. It is a "fair and con-

scionable appraisement" of the property, according to his standards. The decision of the secretary will be sustained. For inheritance tax purposes, this farm will be valued at $81,000.

## ORDER

And now, January 20, 1975, the appeal of Olive L. Paisley and Eugene C. Yarnall from the appraisement of the farm of Joseph M. Yarnall containing 80.9 acres, situate in Londonderry Township, Chester County, Pa., for inheritance tax purposes, is hereby dismissed. The valuation of said farm as fixed by the Secretary of Revenue is hereby sustained. Petitioners will pay the costs.