IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| In re: Estate of Anna Mae Crum, deceased | : <br> : No. 223 C.D. 2023 <br> : |
| Appeal of: Jay D. Crum, Executor of the Estate of Anna Mae Crum, deceased | : Argued: April 9, 2024 <br> : <br> : |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE LORI A. DUMAS, Judge
HONORABLE MATTHEW S. WOLF, Judge

**OPINION BY**
**JUDGE DUMAS**                                                    **FILED:  March 12, 2025**

Jay D. Crum (Husband), executor of the estate of Anna Mae Crum (Wife), deceased, appeals from the order entered by the Court of Common Pleas of Cumberland County, Orphans' Court Division (orphans' court), which granted the motion for summary judgment filed by the Pennsylvania Department of Revenue (Department), dismissed Husband's motion for summary judgment as moot, and denied Husband's appeal.   On appeal, Husband challenges the Department's imposition of a particular tax rate following Wife's death.  We reverse.

## I. BACKGROUND[1]

During the Crums' marriage, they acquired certain assets, which included real property.  In 2015, the Crums created a Trust and transferred those assets into the Trust.  Husband was the sole trustee and was required to distribute the Trust's income from the Trust's assets equally to both Husband and Wife.  Wife was a beneficiary of at least a 50% share of the Trust's income.  Husband or Wife, as the

---

[1] The parties stipulated to the facts.  Joint Stip. of Facts (Stip.), 8/12/21; *see generally In re Est. of Plance*, 175 A.3d 249, 259-60 (Pa. 2017).

settlors, also had the power to order the trustee to disburse the Trust principal or sell any of the Trust's assets.

On Wife died in 2018. Because Wife predeceased Husband, "the Trust estate, if any, including any additions thereto . . . shall be retained by Trustee in trust, to be held, managed, administered and distributed as follows . . . ." Tr. at art. 4(B). During Husband's life, the trustee must "pay so much or all of the income and principal of this Trust as [Husband] requests . . . whether such payments are to Husband" or others. *Id.* at art. 4(B)(1). Husband, as the sole trustee, retained the Trust estate and was required to pay the Trust's income and principal at his own discretion. Husband retained the right to amend or revoke the Trust. *Id.* at art. 2(C). Relatedly, Wife's Will had a clause that bequeathed her residuary estate to the Trust, *i.e.*, a pourover clause. Wife's Will, at art. 3.[2]

On Wife's death, Husband filed an inheritance tax return that reported the value of Wife's Trust interest as around $1.25 million and taxable at the surviving spouse rate of 0%. The Department, however, disagreed, contending that the tax rate

---

[2] Article 4(B) of the Trust provides as follows if Husband survived Wife:

If [Wife] predeceases [Husband], the Trust estate, if any, including any additions thereto at or from time to time after [Husband's (sic)] death, shall be retained by Trustee in trust, to be held, managed, administered and distributed as follows:
>(1) During the lifetime of [Husband], Trustee pay so much or all of the income and principal of this Trust as [Husband] requests in writing, whether such payments are to [Husband], or to any other person and in any other manner, in accordance with the instructions of [Husband].

Tr. at art. 4(B). Article 3 of Wife's Will stated the following:

>I give, devise and bequeath all of the rest, residue and remainder of my estate, of whatever nature and wherever situated, to the then acting trustee(s) of that certain inter vivos trust agreement executed October 14, 2015, by and between my Spouse and me as grantors and my Spouse as trustee . . . to be added to and thereafter treated as of part of THE CRUM FAMILY TRUST; . . . .

Wife's Will, at art. 3

2

should be 15%, because the Department construed Wife's assets as "in, or pouring into, the Trust." Stip. ¶¶ 34, 46, 59 & Ex. A. Husband timely appealed to the Board of Appeals (Board), contending that the Department erred by taxing assets held within a nontaxable revocable trust. Per Husband, when Wife died, those assets passed "within and to" the Trust "to the surviving spouse," and thus should have been taxed at 0%. Ex. C to Stip. The Board, however, affirmed the 15% tax, although it adjusted the underlying amounts. Bd. Op., 4/2/20.[3]

Husband timely appealed to the orphans' court.[4] The parties stipulated that if the orphans' court agreed with Husband, then the estate's total tax liability would be about $65,000,[5] but if the court agreed with the Department, then the estate's tax liability would be about $250,000. Both parties moved for summary judgment.

The orphans' court granted the Department relief, reasoning that the "answer lies not in the trust agreement, but in" Wife's Will. Orphans' Ct. Op., 2/17/23, at 7 (cleaned up). The court noted that Wife's Will stated that "her residuary estate shall pass" to the trustee and become part of the Trust. *Id.* The court succinctly reasoned that the transfer "is not a transfer to [Husband]. This is a transfer to the

---

[3] To be clear, the Board assessed Wife's bequeathment to the Trust at 0%, and thus, this amount is not at issue.

[4] *See* 42 Pa.C.S. § 933(a)(1)(vi); Sections 2186 and 2188 of the Inheritance and Estate Tax Act (Inheritance Act), Act of March 4, 1971, P.L. 6, as amended, added by Act of August 4, 1991, P.L. 97, 72 P.S. §§ 9186(a) (appeals to the court must occur within 60 days), 9188(a) (same). "These section numbers are distinct from, but correspond to, the sections provided in Purdon's Pennsylvania Statutes, which is an unofficial codification of Pennsylvania law. . . . For clarity, we [may] refer to provisions of the [Inheritance Act] only by their Purdon's citation." *Herold v. Univ. of Pittsburgh*, 329 A.3d 1159, 1166 at n.1 (Pa. 2025). Such appeals are analogous to property tax assessment appeals, in which the taxing authority must present its record. *See, e.g.*, *In re Clabby's Est.*, 162 A. 207, 208 (Pa. 1932); *In re McLure's Est.*, 32 A.2d 885, 886 (Pa. 1943).

[5] Wife had bequeathed certain non-Trust assets, with an approximate value of around $1.4 million, to their children and grandchildren. The parties agreed that at a 4.5% tax rate, the tax liability for those non-Trust assets was around $65,000. *See* Ex. A to Stip.

3

trustee to become part of the Trust. The trustee just happens to be" Husband. *Id.* at 8. The court rejected Husband's argument that if there was no trust, then this would have been an inter-spousal transfer taxed at 0%. Thus, the court affirmed the Board's 15% tax rate. The court opined that the Trust did not provide for holding assets with the right of survivorship. Accordingly, the court declined to classify the transfer as a tax-exempt transfer of property owned by husband and wife with right of survivorship. Husband timely appealed to this Court and filed a court-ordered Pa.R.A.P. 1925(b) statement.

## II. ISSUE

Husband contends that Wife's "assets within, or passing to, a revocable trust for the use of" Husband should be taxed at 0% under 72 P.S. § 9116(a)(1.1)(ii). Husband's Br. at 4.

## III. DISCUSSION[6]

### A. Application of the Trust Act and Probate Law

For context, we provide a simplified overview of trust and probate law. When a property owner desires to confer a benefit, *e.g.*, a property asset, upon an

---

[6] "[T]his Court reviews orphans' court decisions to determine whether the court committed legal error and whether the evidence supports the court's factual findings." *In re Est. of Potocar*, 283 A.3d 936, 940 (Pa. Cmwlth. 2022) (*en banc*) (citation omitted). In construing the Inheritance Act and the Uniform Trust Act (Trust Act), 20 Pa.C.S. §§ 7701-7799.3, we follow the rules of statutory construction. 1 Pa.C.S. §§ 1901-1991. Those rules permit us to rely on the Acts' comments and caselaw of other states that adopted the Trust Act. *Id.* §§ 1927, 1939; 72 P.S. ch. 5, art. XXI cmt.; 20 Pa.C.S. ch. 77 cmt. We may also rely on nonconflicting Pennsylvania common law that predates the Trust Act. *In re Est. of Warden*, 2 A.3d 565, 572 n.1 (Pa. Super. 2010). We may not add "a requirement which the legislature did not see fit to include." *Pilchesky v. Lackawanna Cnty.*, 88 A.3d 954, 965 (Pa. 2014) (cleaned up). Our Supreme Court has approvingly cited the Restatement of Trusts in other contexts. *See, e.g.*, *Tr. Under Will of Augustus T. Ashton, Deceased Dated Jan. 20, 1950*, 260 A.3d 81, 92 (Pa. 2021) (*Ashton*). During this appeal, the Trust Act was amended, but no party requested permission to address the import, if any, of the amendments. *See* Act of July 15, 2024, P.L. 64. Finally, for simplicity, we may interchangeably refer to (1) tax-exempt property, as (2) property taxed at 0%.

4

ascertainable beneficiary, an owner may create a trust. *See* 20 Pa.C.S. §§ 7703, 7731; *Ashton*, 260 A.3d at 91; *In re John Wilde & Josephine A. Wilde Income Only Protector Tr.*, 303 A.3d 902, 908 (Pa. Cmwlth. 2023) (*en banc*) (*Wilde*). An owner that creates or donates property to a trust is known as the grantor or settlor. 20 Pa.C.S. § 7703. In turn, a trustee manages the trust in accordance with the trust instrument, which memorialized the settlor's desired benefit. Julieanne E. Steinbacher et al., Pa. Tr. Guide § 4.2 (5th ed. 2023) (Tr. Guide). For instance, one benefit is payment of the trust's income equally between the settlor and her spouse, *i.e.*, the beneficiaries. *Id.*

Relatedly, a settlor can create many types of trusts, including noncharitable trusts. One type of noncharitable trust is a revocable, *inter vivos* trust, *i.e.*, a trust created during the settlor's lifetime that the settlor can unilaterally revoke or amend. 20 Pa.C.S. § 7752; *In re Tr. Under Deed of David P. Kulig Dated Jan. 12, 2001*, 175 A.3d 222, 235 (Pa. 2017) (*Kulig*).[7]

To create such a trust, the settlor must, *inter alia*, transfer property to the trust. 20 Pa.C.S. § 7731(1) & cmt. Because the trust—not the settlor—has legal title to the assets, when the settlor dies, any trust assets are conveyed via the terms of the trust instrument and not the settlor's will. *See Kulig*, 175 A.3d at 235; Tr. Guide

---

[7] *Accord* Edward F. Koren, 2 Est. Tax & Pers. Fin. Plan. § 17.5 (2024) (Koren); Bogert's The Law of Trs. & Trustees § 1 (2023).

Usually, an *inter vivos* trust avoids probate because it "is governed by the law in effect at the time the trust is created . . . ." Tr. Guide § 4.6. In contrast, a trust created by a will is governed by the law in effect at the time of the settlor's death. *Id.* Because the will is the instrument creating the trust, trust assets are conveyed per the terms of the will unlike an *inter vivos* trust, in which the terms of the trust instrument control when the settlor dies. *Id.*; *see* 2 Koren § 21:7 (explaining that a *non-probate* transfer of property occurs when property passes to a surviving spouse under an *inter vivos* trust). Under federal regulations, each settlor is treated as a joint owner of the trust such that "upon the first spouse's death, the ownership and responsibility for the trust assets would be transferred solely to the surviving spouse, the same as if the assets were held outside of the trust." Tr. Guide § 11.6.5; *see generally* 26 C.F.R. § 1.674(a)-1.

§ 4.6. With respect to property in which the settlor (not the trust) holds legal title, the settlor's will controls the disposition of such property. *In re Braman's Est.*, 258 A.2d 492, 494 (Pa. 1969); 20 Pa.C.S. §§ 2515, 7731(1) & cmt., 7751 cmt.; Wife's Will, at art. 3.[8]

As for property that the settlor transferred to the trust, a beneficiary has an "actual property interest in the subject-matter of the trust," *i.e.*, equitable "ownership" of the property the settlor transferred to the trust. *Jones v. Jones*, 25 A.2d 327, 329 (Pa. 1942); *Ashton*, 260 A.3d at 91. When a beneficiary dies, generally, most trust instruments terminate the beneficiary's interest. 20 Pa.C.S. § 7703 (explaining that the terms of the trust control) & cmt. (citing, *inter alia*, Restatement (Third) of Trusts § 55(1) (Am. L. Inst. 2003), and Restatement (Second) of Trusts § 142 (Am. L. Inst. 1959)). Further, absent contrary trust terms, a beneficiary's income interest ends one day before death. 20 Pa.C.S. §§ 8121-8122, 8131(d)(1). Because no income interest exists, the beneficiary's will cannot control its bequeathment. *See* Restatement (Third) of Trusts § 55 cmt. a.[9]

---

[8] 20 Pa.C.S. § 7731(1) states a "trust may be created by: (1) transfer of property under a written instrument to another person as trustee during the settlor's lifetime . . . ." 20 Pa.C.S. § 7731(1); *see also id.* § 7747 cmt. (explaining that a trustee's bankruptcy estate excludes any property managed by the trustee as trustee). 20 Pa.C.S. § 2515 follows:

> A devise or bequest in a will may be made to the trustee of a trust, including any unfunded trust, established in writing by the testator or any other person before, concurrently with or after the execution of the will. Such devise or bequest shall not be invalid because the trust is amendable or revocable, or both, or because the trust was amended after execution of the will. Unless the will provides otherwise, the property so devised or bequeathed shall not be deemed held under a testamentary trust of the testator but shall become and be a part of the principal of the trust to which it is given to be administered and disposed of in accordance with the provisions of the instrument establishing that trust and any amendment thereof.

20 Pa.C.S. § 2515.

[9] Restatement (Third) of Trusts § 55(1) provides that if "the interest of a deceased beneficiary of a trust does *not* terminate or fail by reason of the beneficiary's death, the interest

Instantly, the orphans' court erred by holding that Wife's Will controlled the disposition of her interests in the Trust. Orphans' Ct. Op., 2/17/23, at 7-8. Wife's Will could only devise property in which she had legal title. *See* 20 Pa.C.S. § 2515. Wife, as settlor-beneficiary, had no legal title to any property held in the Trust. *See Ashton*, 260 A.3d at 84, 91; *Wilde*, 303 A.3d at 908. Thus, any property held by the Trust could not be transferred under her Will. *See* 20 Pa.C.S. §§ 7703, 7731(1) & cmt.

As for Wife's income interest, *i.e.*, her 50% share of the Trust's income as a Trust beneficiary, that interest ended on her death.[10] *See* 20 Pa.C.S. § 7703 & cmt.; Tr. at art. 3 (providing that while Husband and Wife lived, they each had a 50% share of the Trust's income) & art. 4(B)(1) (providing that on Wife's death, the trustee "pays all of the income and principal" to Husband). Accordingly, her income interest also could not be bequeathed via her Will. *See* Restatement (Third) of Trusts § 55 cmt. a; Restatement (Second) of Trusts § 142 cmt. b.

For these reasons, we respectfully disagree with the orphans' court's holding that Wife's Trust interest could be bequeathed via her Will. As set forth

devolves by will or intestate succession in the same manner as a corresponding legal interest." Restatement (Third) of Trusts § 55(1) (emphasis added) & cmt. a (noting that a beneficiary's interest for life is "usually designed not to survive the beneficiary's death"); *accord* Restatement (Second) of Trusts § 142 & cmt. b (stating that if "by the terms of the trust the interest of the beneficiary terminates on his death, there is *no* devolution of his interest on his death" (emphasis added)).

Title 20 Pa.C.S. § 8121 sets forth certain rules that apply after "a decedent dies in the case of an estate or after an income interest in a trust ends . . . ." 20 Pa.C.S. § 8121. "If two or more people are given the right to receive specified percentages or fractions of the income from a trust concurrently and one of the concurrent interests ends, *e.g.*, when a beneficiary dies, the *beneficiary's income interest ends* but the trust does not." *Id.* cmt. (emphasis added). Relatedly, 20 Pa.C.S. § 8131 states when an income interest ends: "(1) the day before an income beneficiary dies or another terminating event occurs; or (2) the last day of a period during which there is no beneficiary to whom a trustee may distribute income." 20 Pa.C.S. § 8131(d)(1)-(2).

[10] Precisely, Wife's income interest ended one day before her death. *See* 20 Pa.C.S. § 8131(d)(1).

above, Wife's Trust *interest* as settlor-beneficiary of property *previously* transferred to the Trust or as beneficiary of the income cannot be transferred to the Trust via her Will.[11]

## B. Application of the Inheritance Act

Although Wife's Trust interest was not subject to probate, the passage of Wife's Trust interest triggered Pennsylvania's Inheritance Act, which taxes certain transfers of property. 72 P.S. § 9107; *In re Lander's Est.*, 207 A.2d 753, 755 (Pa. 1965). A "transfer" includes "the passage of [an] interest in property or income from property . . . in trust . . . ." 72 P.S. § 9102. "Property," in turn, includes a resident decedent's (1) real property and (2) tangible and intangible personal property. *Id.* Upon incorporating the definition of "property" into the definition of "transfer," the Act taxes the passage of an interest in or income from a decedent's real property and tangible and intangible personal property held in trust.[12] *Id.* §§ 9102, 9107.

The Inheritance Act categorizes various transfers as taxable and not taxable. *Id.* §§ 9107-9108, 9111, 9113. There are two broad categories of non-taxable transfers. *Id.* § 9111, 9113.[13] All other transfers are taxed at 15% unless the transfer falls within one of six categories that have a different tax rate. *Id.* § 9116(a)(2). For example, the transfer of a beneficial interest in real property held in trust passing to

---

[11] To be clear, Wife bequeathed the remainder of her estate, *i.e.*, property in which she held legal title, to the extant trustee, but she could not bequeath her income interest via her Will because the interest ended on her death. Wife's Will, at art. 3; *see also* Stip. ¶ 59.

[12] The Inheritance Act does not define "interest," although it defines "adverse interest" as a "substantial beneficial interest," with certain qualifications. 72 P.S. § 9102. We may infer that "interest" includes "beneficial interests," such as equitable "ownership" of properties transferred to the trust. *See Jones*, 25 A.2d at 329; *Ashton*, 260 A.3d at 91.

[13] The first category lists various transfers excluded from inheritance tax, such as, subject to one exception, property "owned by husband and wife with right of survivorship . . . ." 72 P.S. § 9111(m). The second category addresses transfers involving "trusts and similar arrangements for spouses." *Id.* § 9113. For instance, generally, "a transfer of property for the sole use of the transferor's surviving spouse" is not taxed. *Id.* § 9113(a).

8

a husband or for his use is taxed at 0%.  *Id.* § 9116(a)(1.1)(ii) (Subclause 1.1).[14]

### 1. Arguments

In sum, the parties dispute whether the passage of Wife's Trust interest was (1) to the trustee and taxed at 15%, or (2) to Husband and taxed at 0%.  *See id.* §§ 9102, 9116.  Essentially, Husband argues that under the Inheritance Act, there was a transfer of property held in trust to Husband or for his use.  Husband's Br. at 11.  Husband emphasizes that the parties stipulated that he "had unlimited use of the property both before and after" Wife's death and thus the tax rate should be 0%.  *Id.* at 15; Stip. ¶ 22.  Husband concludes that because he was the surviving spouse, the orphans' court erred in imposing a 15% tax.  Husband's Br. at 44.[15]

The Department counters by arguing that Husband waived his Subclause 1.1 argument by not raising it before the Board.  Dep't's Br. at 31-33.  On the merits, the Department insists there was no transfer between Husband and Wife.  *Id.* at 11-15.  There was no inter-spousal transfer, the Department reasons, because the Trust was the owner.  *See id.* (arguing this is "a transfer of assets in trust . . . where the trustee happens to be a surviving spouse").  Subclause 1.1, in the Department's view, is limited only to "outright transfers between husband and wife and is entirely inapplicable to the transfer of assets in trust where the beneficiary happens to be a surviving spouse."  *Id.* at 13 (citing *In re Est. of Ross*, 815 A.2d 30

---

[14] "Inheritance tax upon the transfer of property passing to or for the use of all persons other than those designated in subclause (1), (1.1), (1.2), (1.3) or (1.4) or exempt under [72 P.S. § 9111(m)] shall be at the rate of fifteen per cent." 72 P.S. § 9116(a)(2). Subclause 1.1 states as follows: "Inheritance tax upon the transfer of property passing to or for the use of a husband or wife shall be: . . . (ii) At a rate of zero per cent for estates of decedents dying on or after January 1, 1995." *Id.* § 9116(a)(1.1)(ii).

[15] It would have been more precise for Husband to assert that there was a transfer of a beneficial interest to Husband or for his use. *See generally* 72 P.S. § 9102. Although Husband discusses 72 P.S. § 9111(m) (exempting the transfer), he consistently argues that the instant transfer is taxed at zero percent under Subclause 1.1. Husband's Br. at i-ii, 13-15, 19, 42.

(Pa. Cmwlth. 2002), and *In re Est. of O'Connor*, 140 A.3d 77 (Pa. Cmwlth. 2016) (*en banc*)). The Department reasons that because Subclause 1.1 excludes the transfer of assets held in trust, the Department properly imposed a 15% tax. *Id.* at 15 (contending that it "defies logic that a transfer to or within a trust . . . can be 'for the use of' a surviving spouse").

## 2. Discussion

Instantly, we reject the Department's argument that Husband waived his Subclause 1.1 argument by not raising it before the Board. Dep't's Br. at 31-33. Before the Board, Husband argued that when Wife died, those assets should have been taxed at 0%. Ex. C to Stip.

Relatedly, on the merits, the parties stipulated that a transfer occurred, *i.e.*, there was a passage of an interest in or income from property held in the Trust. *See* 72 P.S. §§ 9102, 9107; Stip. ¶¶ 34, 59. Specifically, on Wife's death, there was a passage of her beneficial interest in or income from real property held in the Trust to the trustee, who was Husband. Tr. at art. 4(B)(1).

We next resolve the tax rate. Under Subclause 1.1, a transfer to Husband is taxed at 0%, and if this was not such a transfer, then the transfer is taxed at 15%. *See* 72 P.S. § 9116(a)(1.1), (a)(2). Upon combining the statutory definitions of "transfer," "property," and Subclause 1.1, the passage of an interest in or income from a decedent's real property and tangible and intangible personal property held in trust to the decedent's surviving spouse is taxed at 0%. *See id.* §§ 9102, 9116(a)(1.1).

Even if the transfer of an interest in or income from Wife's real and personal property held in the Trust was not "to" Husband, such property was "for the use of" Husband. *See id.* § 9116(a)(1.1). Per the Trust instrument, when Wife died, the trustee must "pay so much or all of the income and principal of this Trust

10

as" Husband requests. Tr. at art. 4(B). Thus, the Trust's property and income passed to Husband for his use. *See id.* Accordingly, the passage of an interest in or income from Wife's real and personal property held in the Trust to or for the use of Husband is taxed at 0%. *See id.* §§ 9102, 9116(a)(1.1).

We respectfully reject the Department's argument that we essentially insert the language "unless the surviving spouse is also the trustee of the trust" into Subclause 1.1. *See Pilchesky*, 88 A.3d at 965. If the Legislature intends to treat the transfer differently when the surviving spouse is *also* the trustee, then the Legislature may amend the Inheritance Act. *See id.*

Similarly, we also reject the Department's reliance on *Ross* and *O'Connor*, as neither addressed Subclause 1.1 or a trust. In *Ross*, the decedent's will provided that the residuary estate would be used "to pay inheritance taxes on the transfer of property passing to and for the use of" the decedent's lineal heirs. *Ross*, 815 A.2d at 35 (cleaned up). This Court rejected the Department's argument that a 15% taxable transfer occurred. *Id.* at 34-35. *Ross* did not involve a trust and did not cite or address Subclause 1.1. In *O'Connor*, the Court resolved an issue involving an intestate decedent, a surviving spouse, and the application of 72 P.S. § 9116(c). *O'Connor*, 140 A.3d at 78; *see generally* 72 P.S. § 9116(c) (providing that qualifying heirs may timely renounce their right to receive a share of the estate). Like *Ross*, the *O'Connor* Court did not discuss "transfer," "surviving spouse," or address Subclause 1.1 in any substantive fashion. *See O'Connor*, 140 A.3d at 79 (acknowledging that under Subclause 1.1, "the inheritance tax rate for transfers of property to a surviving spouse is 0%").

Finally, this *en banc* Court noted that "tax law deals in economic realities, not legal abstractions." *Wilde*, 303 A.3d at 908. The economic reality of

11

this transfer is that there was a transfer of Wife's interest in or income from Trust property to Husband or for his use as the surviving spouse. Our Legislature has stated that such transfers are taxed at 0%. *See* 72 P.S. § 9116(a)(1.1). In our view, Subclause 1.1 does not provide for the "legal abstraction" of treating a surviving spouse any differently when he is *also* a trustee.

## IV. CONCLUSION

Accordingly, because the orphans' court erred as a matter of law in construing the Inheritance Act, we reverse the orphans' court. Because the parties stipulated no additional tax was due if the 0% tax rate applied, we need not remand. Finally, because of our disposition, we need not address Husband's remaining arguments. *See Chester Residents Concerned for Quality Living v. Dep't of Env't Res.*, 668 A.2d 110, 113 (Pa. 1995).

**LORI A. DUMAS, Judge**

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Estate of Anna Mae Crum, : 
deceased : No. 223 C.D. 2023
 : 
Appeal of: Jay D. Crum, Executor of : 
the Estate of Anna Mae Crum, : 
deceased : 

# O R D E R

AND NOW, this 12th day of March, 2025, we REVERSE the February 17, 2023 order entered by the Court of Common Pleas of Cumberland County, Orphans' Court Division (orphans' court), which granted the motion for summary judgment filed by the Pennsylvania Department of Revenue, dismissed the motion for summary judgment filed by Jay D. Crum, Executor of the Estate of Anna Mae Crum, and denied his appeal.

**LORI A. DUMAS, Judge**