## Bryant's Estate

Before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

The facts appear from the following extract from the adjudication of

GEST, J., Auditing Judge.—Henry G. Bryant died on December 7, 1932, unmarried, leaving a will admitted to probate on December 15, 1932, when letters testamentary were granted.

Proof of advertisement of notice thereof was produced to the auditing judge.

By his will, paragraph second, he bequeathed to his nephew, P. F. Rothermel, 3d, certain specific effects as specified, appraised at $1,195.25, and to his niece, Eleanor A. Bryant Pearson, personal effects appraised at $259.50. By the third paragraph of the will, he bequeathed $150,000 to Princeton University to endow a professorship of geography, with instructions relating thereto. By the fourth paragraph, he bequeathed $50,000 to the Geographical Society of Philadelphia, to be known as the Bryant Endowment Fund, the interest to be used for purposes therein specified. By the fifth paragraph, he bequeathed $10,000 to the American Philosophical Society, to be applied to the building fund of said society. By the sixth paragraph, he bequeathed $5,000 to the Museum of the University of Pennsylvania to advance the general purposes of the museum, $5,000 to the Pennsylvania Academy of Fine Arts, and $5,000 to the Children's Country Week Association of Philadelphia, for the general purposes of the association. By the seventh paragraph, he bequeathed $5,000 to the Appalachian Mountain Club of Boston, the principal to be invested and the interest to be applied to the maintenance of refuge huts on mountain trails operated by the club. By the eighth paragraph, he bequeathed $275,000 to his trustees in trust to pay the net income to his nephew, P. F. Rothermel, 3d, during his natural life, and on his death the principal to be divided among his children and the issue of deceased children who might survive him, per stirpes. By the ninth paragraph, he bequeathed $300,000 to his trustees in trust to pay the income to his niece, Eleanor A. Bryant Pearson, for the term of her life and on her death the principal to be divided among her children and the issue of deceased children who may survive her per stirpes, and further bequeathed to her jewels and jewelry as specified. By the tenth paragraph of his will, he gave to his trustees certain powers of investment which need not be recited. By the eleventh paragraph he directed as follows:

"I have made and divided the foregoing bequests upon the basis of the face value of my securities as I now own them. If by reason of depression in values of my estate as a whole, the payment of all the foregoing legacies in full is not practicable, I direct that the gifts in trust for my niece, Eleanor A. Bryant Pearson, and my nephew, P. F. Rothermel, 3rd, shall take precedence over the other bequests, which latter, in that event, I direct shall abate proportionately."

By the twelfth paragraph, he devised his residuary estate to his nephew, P. F. Rothermel, 3d.

By the thirteenth paragraph, he directed as follows:

"I direct that all collateral inheritance, Federal estate and other taxes payable at my death shall be paid out of my residuary estate if the said residuary estate shall be sufficient for that purpose, or to the extent that it shall be sufficient for that purpose, to the end that, if practicable, the pecuniary and specific legatees mentioned in this Will may get their legacies in full, or shall suffer no deduction therefrom beyond what may be necessary to pay said taxes."

And he appointed P. F. Rothermel, 3d, and Fidelity-Philadelphia Trust Company executors and trustees.

As the legacies bequeathed by the will are greater in amount than the balance for distribution, they must abate, except that by the eleventh paragraph the trust legacies bequeathed in the eighth and ninth paragraphs, for P. F. Rothermel, 3d, and Eleanor A. Bryant Pearson, respectively, are to be preferred over the legacies bequeathed in paragraphs three to seven inclusive.

And it appears from the distribution account that securities and cash valued at $275,00 have been transferred to Fidelity-Philadelphia Trust Company and P. F. Rothermel, 3d, trustees for P. F. Rothermel, 3d, and securities and cash

valued at $300,000 have been transferred to Fidelity-Philadelphia Trust Company and P. F. Rothermel, 3d, trustees for Eleanor A. Bryant Pearson, and that the specific bequests in paragraphs 2, 9, and 11 have been delivered to P. F. Rothermel, 3d, and Eleanor A. Bryant Pearson, valued at $1,195.25 and $259.50, respectively, making a total of $576,454.75. There is left in the hands of the accountants securities valued at $15,096.33 and cash $168,359.79, a total of $183,456.12, together with balance of income $15,761.79, from which there is payable transfer inheritance tax and the pecuniary legacies bequeathed in paragraphs 3 to 7 inclusive, aggregating $230,000, which I shall designate as charitable bequests. This balance of income received during the period of administration should, as the principal is insufficient to pay the charitable bequests, be added to the principal: Bennett's Estate, 29 Dist. R. 148.

In the circumstances of the case, it was claimed by P. F. Rothermel, 3d, and Eleanor A. Bryant Pearson that their trust legacies are not only entitled to a preference over the charitable legacies, as is expressly provided in paragraph 11, but that they are also entitled to be awarded free of inheritance tax, under paragraph 13, there being no residuary estate which, under paragraph 12, was devised to P. F. Rothermel, 3d. Counsel argued that the preference expressly given in paragraph 11 extended not merely to the payment of the legacies but also to the payment of the taxes thereon; and further that, if the direction in paragraph 13 that the taxes be paid from a nonexistent residue be regarded as equivalent to a legacy or gift of these taxes, under Greaves's Estate, 29 Dist. R. 577, it is nevertheless an additional legacy to the legacies bequeathed in the eight and ninth paragraphs and therefore subject to the same incidents and conditions as the original legacies, that is, preferred over the charitable bequests, and in support of this proposition Croxton's Estate, 8 D. & C. 263, affirmed in 289 Pa. 433, was cited.

In my opinion, the trust legacies in paragraphs 8 and 9 are clearly entitled to a preference in payment over the other legacies. They do not abate by reason of the deficiency of assets, and in that respect are precisely similar to specific legacies, but the preference extends no further.

The general rule is that every legacy is charged with its own tax or share of taxes, in the absence of clear directions to the contrary. No inference can be drawn from the language of the eleventh paragraph that the trust legacies shall be paid in full without deduction for taxes; they are simply preferred to the others. The real and only question is whether the thirteenth paragraph is broad enough to give to the trust legacies a similar preference in regard to the payment of taxes. And on this question I have likewise no doubt. I am of opinion that it makes no difference whether a testator directs that certain legacies shall be paid free of tax, that the taxes shall be paid from his general estate, or that they shall be paid from the residue; his meaning in each case is the same. Now it has been held in several cases that, where the estate is not sufficient to pay the legacies and the taxes thereon, a direction that the taxes or certain of them be paid from the general estate or the residuary estate is equivalent to a pecuniary bequest of the amount of the taxes, which abates with other pecuniary legacies. This was held in the adjudication in Greaves's Estate, 29 Dist. R. 577, the principle of which was sustained by the court in banc in Dunion's Estate, 18 D. & C. 182, and, in England, in Farrer v. St. Catharine's College, L. R., 16 Eq. 19 (the case of tax on a specific legacy to which, as in Greaves's Estate, the present trust legacies are, as stated, similar in this regard), Wilson v. O'Leary, L. R., 17 Eq. 419, and In re Turnbull [1905],

1 Ch. 726. The testator, in paragraphs 11 and 13, provided for two different and distinct things. In paragraph 11, he contemplated a shrinkage of his estate as a whole, in which event he gave a preference to the trust legacies; and in paragraph 13 he directed that all the inheritance taxes should be paid from his residuary estate "if the residuary estate shall be sufficient for that purpose or to the extent that it shall be sufficient for that purpose"; and then the testator proceeds "to the end that, if practicable, the pecuniary and specific legatees may get their legacies in full, or shall suffer no deduction therefrom beyond what is necessary to pay said taxes." He makes no distinction here among the legacies bequeathed in his will and clearly contemplates that some deduction from all of them may be necessary in order to pay the taxes. I therefore am of opinion that the taxes on the specific trust legacies must be considered as general legacies thereof, and the trust legatees are entitled only to dividends thereon like the other pecuniary legatees. And, in reaching this conclusion, I am not swayed by the argument advanced by the learned counsel for certain of the pecuniary legatees, that the provisions in the thirteenth paragraph exempting the legacies from the payment of tax were contingent upon there being a residuary estate from which the taxes could be paid. I should, however, refer to Croxton's Estate, 8 D. & C. 263, 289 Pa. 433, above mentioned, according to which it is argued that the exemption provision of the thirteenth paragraph, being equivalent to a pecuniary legacy of the taxes, is an additional legacy to those contained in the eighth and ninth paragraphs, and therefore entitled to a preference. The answer seems clear. In Croxton's Estate, in one paragraph of the will, a legacy was given free and clear of all inheritance taxes, and in a later clause in the will, an "additional" bequest was given to the same legatee, thereby simply increasing the amount of the legacy. The "additional" bequest was added on to a prior legacy, and formed part of it. That is widely different from the present case, for here the dividend on the taxes, imposed on the trust legacies, is not any addition to those legacies but something collateral thereto and of a different nature.

John F. Headly, C. Brewster Rhoads, Eric A. McCouch, Henry S. Drinker, Jr., and W. Nelson L. West, for exceptants.

Raymond M. Remick, Archibald T. Johnson and Russell Duane, contra.

HENDERSON, J. December 29, 1933.—Nothing can be profitably added to the construction of the general clauses in this will, as made in the adjudication.

By the thirteenth clause of the will the testator provided as follows:

"I direct that all collateral inheritance, Federal estate and other taxes payable at my death shall be paid out of my residuary estate if the said residuary estate shall be sufficient for that purpose, or to the extent that it shall be sufficient for that purpose, to the end that, if practicable, the pecuniary and specific legatees mentioned in this Will may get their legacies in full, or shall suffer no deduction therefrom beyond what may be necessary to pay said taxes."

It should be noted that this clause only becomes operative if there be a residuary estate. It is conceded that distribution under this account will not reach the residuary clause, hence we deem it wise, the auditing judge concurring, to reserve all questions relating to the distribution of the residue until such a fund arises. The adjudication is amended accordingly; all other exceptions are dismissed, and the adjudication as amended is confirmed absolutely.