561 A.2d 1298

**In re ESTATE OF William A. BANKS, Deceased.**

**Appeal of Lita Indzel COHEN and Leon Goldberg, surviving executors and testamentary trustees of the Estate of William A. Banks.**

Commonwealth Court of Pennsylvania.

Argued June 6, 1989.

Decided July 18, 1989.

Petition for Allowance of Appeal Denied March 26, 1990.

John R. Latourette, Jr., with him, Peter J. Picotte, II, James F. Monteith, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, for appellants.

Robin A. Gower, Deputy Atty. Gen., with her, Ernest D. Preate, Jr., Atty. Gen., Philadelphia, for appellee.

Before CRUMLISH, Jr., President Judge, McGINLEY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Executors of William A. Banks' (Banks') estate protested the Department of Revenue's disallowance of interest deductions claimed on the estate's original and supplemental Pennsylvania inheritance tax returns. The Board of Appeals (Board) affirmed the disallowance and Executors filed an appeal with the Orphans' Court Division of the Court of Common Pleas of Philadelphia County. The court directed the Secretary of the Department of Revenue to show cause why Executors' appeal should not be sustained. The Board filed its answer and on February 22, 1985, an evidentiary hearing was held. The court issued a decree which sustained Executors' appeal and remanded the record for further determinations, consistent with the decree. The Board then filed exceptions to the decree. The Orphans' Court,

now sitting *en banc*, sustained the Board's exceptions to the decree and this appeal by the Executors followed.

The facts of this case may be summarized as follows. On September 6, 1979, Banks died. Banks' will listed various specific bequests with the balance of the estate passing under the residuary clause. Approximately 79 percent of Banks' estate consisted of common stocks in several closely held corporations, including, *inter alia*, stock in Independence Broadcasting Company (IBC). The beneficiaries of Banks' majority holding of IBC were the minor shareholders of IBC. At the time of his death, Banks' IBC stock was valued by the Department of Revenue at $2,325,000.00.

From the incipiency of the administration of the estate, it was apparent to the Executors that there was insufficient cash or liquid assets to meet the estate's tax obligations. For this reason, Executors elected to defer a portion of the federal estate tax attributable to the IBC stock, pursuant to Section 6166 of the Internal Revenue Code, 26 U.S.C. § 6166 (1954).[1]

During the administration of the estate, Executors made diligent efforts to sell the radio station, but they were unsuccessful.[2] As of December 31, 1984, the unpaid Pennsylvania inheritance tax and interest totalled $239,682.10.

In order to meet at least part of this tax obligation, Executors borrowed funds from Banks Realty and Banks Broadcasting Company, which were wholly-owned subsidiaries of IBC. The annual rate of interest was 13 percent. Executors, in preparing the estate's tax return, deducted as an administrative expense, the interest paid on this loan, along with the interest on the deferred federal tax and the

1. Section 6166 permits the payment of federal estate tax in installments over the course of fifteen years. Over the first four years, only interest is due, but if the asset is sold during this period, all unpaid tax is automatically due.

2. The Executors' obstacles in selling IBC were based upon disparate stations sharing the same physical site and administrative staff, and because competing applications were before the Federal Communication Commission for licenses to operate the stations which involved substantial litigation.

interest accruing on the unpaid balance of this Pennsylvania inheritance tax. The hearing judge found these interest expenses necessary to avoid a distressed sale of the IBC stock and issued a decree which permitted the interest to be deducted, pursuant to Section 611 of the Inheritance and Estate Tax Act of 1961 (Act), Act of June 15, 1961, P.L. 373, 72 P.S. § 2485–611.[3] In ruling on the Board's exceptions to the decree, the court *en banc* agreed that it was necessary for the Executors to obtain the loan, thereby incurring interest to avoid a distressed sale, but disallowed the deduction based upon Section 622 of the Act, 72 P.S. §§ 2485–622.[4]

The estate argues that the *en banc* court erred in disallowing the deduction of the interest on the deferred federal tax, the interest on the loans from third parties for the payment of such interest and the interest accruing on the unpaid balance of the Pennsylvania inheritance tax because the deduction is a reasonable expense of administration under Section 611.

Section 611 provides that "[a]ll reasonable expenses of administration of the decedent's estate and of the assets includable in the decedent's estate shall be deductible." The estate argues that since the *en banc* court agreed it was necessary for the Executors to obtain the loan and incur interest in order to avoid a distressed sale, that this was a proper administration cost.

The terms "administrative," "expense," and "reasonable" are not defined by the Act, but the comment to Section 611 lists expenses which are deductible to include:

[L]etters, testamentary or of administration; estate notices; inventory; fees of appraisers, witnesses, personal representatives and attorney; short certificates, affidavits; fees for account and adjudication; public liability

3. Section 611 of the Act was repealed by 72 Pa.C.S. § 1701, but is applicable here, since Banks' death occurred before its repeal. The language of Section 611 is now found at 72 Pa.C.S. § 1727(1).

4. Section 622 was also repealed by 72 Pa.C.S. § 1701, but since Banks died prior to its repeal, is controlling here. The language of Section 622 is now found at 72 Pa.C.S. § 1728(2).

insurance premium ...; stock transfer stamps; registered mail charges; certified copies of will; fees for recording instruments; bank charges for supervision of entry into safe deposit boxes ...; and costs of interstate arbitration....

These listed deductible expenses, although not exhaustive, are of such a different character from interest expenses, that we would be hard-pressed to carve out as an additional administrative cost, interest and expenses. As stated in Grossman and Smith, Pennsylvania Inheritance and Estate Tax, § 611–2 (2nd Rev.Ed.1971), "little can be added to the examples of deductible expenses listed in the Commissioner's comment...." An expense so important as the deduction of interest would certainly have been included if the legislature would have so desired.

The Board asserts that the *en banc* court properly held that Section 622 specifically disallows the interest deduction. Section 622 provides:

Death taxes, other than Federal estate tax, *disregarding interest and penalty,* paid to other states and territories of the United States, and to taxing jurisdictions outside the United States and its territories, on assets, the transfer of which is subject to tax under this act, if such taxes are required to be paid to bring the assets into Pennsylvania, or to transfer them to the new owner, shall be deductible.

(Emphasis added.)

The estate argues there is an ambiguity in the language of Section 622 as to whether the phrase "disregarding interest and penalty" modifies only "[d]eath taxes ... paid to other states," or whether it modifies "death taxes" generally, and therefore, all reasonable doubt must be resolved in favor of the taxpayer. *Estate of Rose,* 465 Pa. 53, 348 A.2d 113 (1975).

Although case law is scant on the interpretation of this section, the history of Section 622 directs us to find that

for Pennsylvania inheritance tax purposes, interest and penalties are not deductible.

To begin our analysis, we look to the Inheritance Tax Act of 1919 (1919 Act), 72 P.S. § 2302, Section 622's predecessor, which stated that "no deduction whatsoever [was] allowed for or on account of any taxes paid on such estates to the Government of the United States or to any other State or Territory.…" *Kirkpatrick's Estate*, 275 Pa. 271, 119 A. 269 (1922), upheld the constitutionality of the prohibition of the 1919 Act against deducting federal estate tax, but held that the disallowance of a deduction for death taxes of other states in certain circumstances was unconstitutional.

Then in *Frick v. Pennsylvania*, 268 U.S. 473, 45 S.Ct. 603, 69 L.Ed. 1058 (1925), *affirming in part, Frick's Estate*, 277 Pa. 242, 121 A. 35 (1923), the United States Supreme Court made clear that death taxes paid to other states were to be deductible, but only *to the extent required by the federal constitution*. The Act clearly codified *Frick*, and expanded deductions permitted[5] to conform to constitutional mandates. The federal constitution, as interpreted in *Frick*, does not require that interest upon state death taxes be deductible. The legislators in enacting Section 622 did not refine the language of Section 622 so that the words "disregarding interest and penalty" would

---

**5.** The only taxes for which the Act specifically allows deductions are certain state and foreign death taxes under Section 622 and property taxes owed by decedent at death pursuant to Section 621. This leads us to infer that specific reference to the deductibility of this tax was deemed necessary by the legislators to except it from the general rule that taxes are nondeductible. Certain taxes which are proper obligations of the executors and constitute reasonable and necessary administration expenses are nevertheless *not deductible* under the Act. These include:

  1. property taxes which become due after decedent's death (Section 621);

  2. federal estate tax (Section 622; *Frick v. Pennsylvania*, 268 U.S. 473 [45 S.Ct. 603]; *Kirkpatrick Estate*, 275 Pa. 271 [119 A. 269];

  3. Pennsylvania inheritance tax (Section 622; *Zellefrow Estate*, 450 Pa. 302, 299 A.2d 248 (1973);

  4. income tax on income in respect of a decedent (*Estate of Rose*, 465 Pa. 53, 348 A.2d 113 (1975).

apply only to state death taxes. Such a holding would be beyond our judicial powers.

Accordingly, the order of the *en banc* court is hereby affirmed.

## ORDER

AND NOW, this 18th day of July, 1989, the order of the Orphans' Court Division of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.