### In re ESTATE OF Ray Bloom ROSS, Deceased, Appellant.

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 2002.

Decided Dec. 20, 2002.

Reargument Denied Feb. 12, 2003.

---

Kevin Holleran, West Chester, for appellant.

Lora A. Kulick, Harrisburg, for appellee.

BEFORE: LEADBETTER, Judge, COHN, Judge, and KELLEY, Senior Judge.

OPINION BY Judge COHN.

■ The Estate of Ray Bloom Ross (the Estate) appeals from the order of the Court of Common Pleas of Montgomery County, Orphans' Court Division, dated October 30, 2001, that granted the Commonwealth of Pennsylvania, Department of Revenue's (Department) Application for Summary Relief[1] and upheld the decision of the Protest Board to tax the residue of the Estate at a rate of fifteen percent (15%). We reverse.

1. Technically, such an application, filed under Pa. R.A.P. 1532(b) is not available in practice before the trial court, but only in petition for review practice in an appellate court. However, it is here the functional equivalent of a motion for summary judgment and we shall treat it as such.

2. "An inheritance tax is neither a tax on the property of the decedent or on the transfer of such property but rather a tax on the right of succession in the estate of the decedent." *In re Estate of Remmel*, 425 Pa. 325, 328, 228 A.2d 889, 891 (1967) (citations omitted).

Pursuant to Section 2106 of the Inheritance and Estate Tax Act (Act), Act of March 4, 1971, P.L. 6, *as amended*, added by Section 36 of the Act of August 4, 1991, P.L. 97, 72 P.S. § 9106, an inheritance tax is imposed on every transfer subject to tax at the rates specified in Section 2116 of the Act, 72 P.S. § 9116. Transfers subject to tax are described in Section 2107 of the Act, 72 P.S. § 9106, *added by* Section 36 of the Act of August 4, 1991, P.L. 97. As concerns the case *sub judice*, sub-sections (a) and (b) state, in pertinent part:

(a) The transfers enumerated in this section are subject to the tax imposed by section 2106.
(b) All transfers of property by will ... are subject to tax....

Section 2116 of the Act describes the inheritance tax, in particular, and states, in pertinent part, that:

(a)(1) Inheritance tax upon the transfer of property passing to or **for the use of** any of the following shall be at the rate of *six* per cent:

■ This case involves a dispute regarding the proper rate of Pennsylvania Inheritance Tax to be applied to a residuary estate.[2] Ray Bloom Ross (Decedent) died testate on January 4, 1999, leaving a will dated May 17, 1985. The amount of the gross estate was $892,979.12. In her will, Decedent provided for specific bequests totaling $763,850[3] to several lineal heirs,[4] while leaving the residuary to four collateral heirs.[5] In Paragraph NINTH of her will, Decedent stipulated that

(i) grandfather, grandmother, father, mother and lineal descendants; ...
* * *
(a)(2) Inheritance tax upon the transfer of property passing to or for the use of all persons other than those designated in subclause (1) ... shall be at the rate of *fifteen* percent.

72 P.S. § 9116(a)(1)(i) and (a)(2) (emphasis added). This particular version of Section 2116 was amended on May 24, 2000, effective July 1, 2000. *See* Section 16 of the Act of May 24, 2000, P.L. 106. Since Decedent died prior to July 1, 2000, the amendments of May 24, 2000 do not affect the outcome of this dispute. Therefore, the version of the statute in effect at the time of Decedent's death is cited.

3. Pursuant to Paragraph FIFTH of her will, Decedent directed:

my executor, hereinafter named, to sell all of the shares of my stock which are registered in the name of "Ray Bloom Ross" and also my $500 Thirty-year 8¾% Debenture of American Telephone And Telegraph Company, and to distribute the proceeds thereof in equal one-third shares to my stepgrandchildren ....

Decedent had her assets titled in such a way that, per the terms of her will, all of her net estate would pass to lineal heirs. (Protest of Estate, filed January 8, 2001, at 1, no. 2). The value of the securities on Decedent's date of death was $763,850.

4. A "lineal heir" is a person who is either an ancestor or a descendant of the decedent, such as a parent or child. Black's Law Dictionary 728 (7th ed.1999).

5. A "collateral heir" is one who is neither a direct descendant nor an ancestor of the dece-

*Provision of Taxes:* I direct that all estate, inheritance and succession taxes, interest and penalties on the property passing under this my Will ... shall be paid out of the principal of my general estate to the same effect as if such taxes were expenses of administration, and all ... devises and other gifts of principal and income made by this my Will ... shall be free and clear thereof.

It is clear that Decedent made the decision that any taxes due were to be paid out of the residuary estate.[6,7] The Estate determined that after payment of inheritance tax on the specific bequests, and payment of Federal Estate Tax and administrative expenses, the residuary would be completely consumed, leaving nothing for distribution to Decedent's collateral heirs, the residuary legatees.[8] As such, the Estate took the position that the lineal inheritance tax rate of six (6) percent should be applied to the residuary estate on the basis that the entire residue was consumed for the benefit of the six (6) percent heirs. It made this decision notwithstanding the fact that devises from the residual estate, left to the collateral heirs, would have been taxed at a 15% rate.

On November 6, 2000, the Department issued a Notice of Inheritance Tax Appraisement, Allowance or Disallowance of Deductions and an Assessment of Tax to the Estate. The Department believed that the Estate should have applied the inheritance tax rate for collateral heirs of 15% to the residuary estate, and assessed the Estate accordingly. The Estate filed a Protest of Appraisement with the Department's Board of Appeals (Board) on January 8, 2001.

A hearing was held and, on March 16, 2001, the Board denied the Estate's protest, and sustained the original appraisement and assessment. It reasoned that the relief requested was contrary to applicable statutory and case law. It held that the Federal estate tax and the Pennsylvania inheritance tax cannot be used to reduce a decedent's taxable estate. The Board explained, "By stating that the residuary estate does not exist because it will be expended to meet the payment of inheritance and estate taxes, [the Estate] is in fact seeking to use those taxes as deductions." (Decision and Order of the Department of Revenue, Board of Appeals, dated March 16, 2001, at 2).

On May 14, 2001, the Estate appealed to Court of Common Pleas of Montgomery County, Orphans' Court division. On July 5, 2001, the Department filed an applica-

---

dent, but whose kinship is through a collateral line, such as a brother, sister, uncle, aunt, nephew, niece or cousin. *Id.* at 727.

6. The phrase "general estate" is not defined in Decedent's will. However, we will construe it as the equivalent of "residuary estate." *See, e.g., Shipley's Estate,* 337 Pa. 580, 12 A.2d 347 (1940); *Batroff Estate,* 32 D. & C.2d 447 (1963); *Brown's Estate,* 59 Pa. D. & C. 638 (1947); *Bryant's Estate,* 19 Pa. D. & C. 611 (1933), *affirmed,* 315 Pa. 151, 173 A. 190 (1934).

7. This method of payment has now been codified by the legislature. Under Section 2144 of the Act, 72 P.S. § 9144, inheritance taxes are paid out of the residuary estate as follows:

(a) In the absence of a contrary intent appearing in the will, the inheritance tax, including interest, on the transfer of property which passes by will absolutely and in fee, and which is not part of the residuary estate, *shall be paid out of the residuary estate* and charged in the same manner as a general administration expense of the estate....

72 P.S. § 9144(a) (emphasis added).

8. "A residuary legatee is one who receives the remaining assets of an estate after the satisfaction of all other legacies and the payment of all debts of the estate and costs of administration." *Remmel,* 425 Pa. at 330, 228 A.2d at 892 (citations omitted).

tion for summary relief. On October 30, 2001, the Orphans' Court granted the Department's application for summary relief and sustained the March 16, 2001 decision of the Board in its entirety. The court found that the Estate had erred when it deducted the amount of the inheritance tax, calculated to be due on specifically devised property, from the value of the residue before computing the total inheritance tax due. In granting the Department's request for summary relief, the court established that the residuary estate was to be taxed at a rate of 15%. On November 13, 2001, the Estate appealed to this Court.

■ Our review in an appeal from the grant of a motion for summary judgment is well-settled.[9] However, since the issue to be decided in the case *sub judice* is strictly a matter of law, this Court's scope of review is plenary. *Independent Oil and Gas Association of Pennsylvania v. Board of Assessment Appeals of Fayette County,* 780 A.2d 795, 798 n. 3 (Pa.Cmwlth.2001), *petition for allowance of appeal granted,* 568 Pa. 621, 792 A.2d 1255 (2001). As clearly stated by the Pennsylvania Supreme Court,

> As this is a question of law, we are in no fashion constrained by the determination of a lower court; thus, our standard of review is *de novo.* Furthermore, our

**scope of review** in this matter is **plenary** as we may examine the entire contents of the record. *See Phillips v. A-Best Products Co.,* 542 Pa. 124, 665 A.2d 1167, 1170 (1995).

*Durante v. Pennsylvania State Police,* 570 Pa. 449, 452, 809 A.2d 369, 370–71 (2002), (bolded emphasis added).

■ On appeal, the Estate argues that since all of the residue was used to pay taxes on devises passing to six (6) percent lineal heirs, a tax rate of six (6) percent should be applied to the residuary estate. The Department, however, argues that the Estate is seeking to use the inheritance tax due as a deduction to reduce Decedent's total taxable estate in violation of explicit statutory and case law.

■ According to the Act, "[t]he only deductions from the value of the property transferred shall be those set forth in this part." 72 P.S. § 9126.[10] Furthermore, the Pennsylvania Supreme Court has specifically held that inheritance tax due on specific devises cannot be deducted for the purpose of computing the total inheritance tax due. *Estate of Zellefrow,* 450 Pa. 302, 299 A.2d 248 (1973); *see also Estate of Banks,* 127 Pa.Cmwlth. 394, 561 A.2d 1298, 1301 n. 5 (1989) (noting which particular taxes are *not* deductible under the Act), *petition for allowance of appeal denied,*

---

9. That standard of review is as follows:

> Summary judgment may be granted only in those cases in which the record clearly shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a **matter of law.** A reviewing court may disturb the order of the trial court only where it determines that the court committed an error of law or abused its discretion.

*Valles v. Albert Einstein Medical Center,* 569 Pa. 542, 805 A.2d 1232, 1236 n. 7 (2002) (citations omitted) (utilizing plenary review because appeal involved a question of law).

10. Specifically, Section 2126 states that only certain state and foreign death taxes may be deducted from the value of property transferred:

> Death taxes other than the Federal estate tax, disregarding interest and penalty, paid to other states and territories of the United States and to taxing jurisdictions outside the United States and its territories on assets, the transfer of which is subject to tax under this article, if the taxes are required to be paid to bring the assets into this Commonwealth, or to transfer them to the new owner, are deductible.

72 P.S. § 9128(2).

525 Pa. 586, 575 A.2d 116 (1990). Accordingly, we fully agree with the Department that deductions for inheritance taxes paid are not allowed under Pennsylvania statutory or case law.

However, the Department's reliance on Section 2128 and the holding in *Zellefrow* is misplaced, because the issue in this case does *not* involve the *deduction* of taxes. Rather, the issue here concerns changes in the disposition of Estate assets due to the imposition of taxes and instructions in Decedent's will. As the Estate puts it, "[D]ue to the consumption of the residuary estate by taxes used to pay devises totally passing to the six percent (6%) heirs, the six percent (6%) heirs become the *defacto* residual heirs, and a tax rate of six percent (6%) rather than fifteen percent (15%) should be applied to the residue." (Estate's Brief at p. 8.)

■ Section 2116(a)(1) of the Act states that inheritance tax, upon the transfer of property "passing to or **for the use of**" lineal descendants, is to be taxed at a rate of six percent. 72 P.S. § 9116(a)(1) (emphasis added). Because this statutory provision imposes a tax, it must be strictly construed. 1 Pa.C.S. § 1928(b)(3); *see also Estate of Carlson*, 479 Pa. 421, 388 A.2d 726 (1978). Words and phrases must be construed according to their common and approved usage, and given the affect ascertained as intended by the General Assembly. 1 Pa.C.S. §§ 1903(a) and 1921(a). Further, all reasonable doubt must be construed in favor of the taxpayer, and against the Commonwealth. *Carlson; see also Estate of Loeb*, 400 Pa. 368, 372, 162 A.2d 207, 210 (1960).

■ Here, funds from Decedent's residuary estate were **used,** pursuant to instructions in paragraph NINTH of her will, to pay inheritance taxes on the **transfer of property** passing to and **for the use** of Decedent's *lineal heirs.* In other words, the residue was used for the benefit of the lineal heirs, because the inheritance taxes on the lineal heirs' bequests were paid out of the residuary estate. Simply put, Section 2116(a)(1) of the Act specifies that a tax rate of six (6) percent be used on such a transfer.[11]

■ Furthermore, the size of the residue is dependent on the extent of other legacies and the payment of all debts of the estate and costs of administration, including the amount of the inheritance tax. *Estate of Remmel*, 425 Pa. 325, 228 A.2d 889 (1967). Decedent specifically provided that all death taxes be paid out of her residuary estate. Thus, it follows that her

---

11. The direction in a will that the inheritance tax is to be paid out of the residuary estate has no effect in reducing the amount of tax to be paid, but operates only *to fix the payment upon the residuary. Estate of Loeb*, 400 Pa. 368, 162 A.2d 207 (1960). No dispute exists concerning the Commonwealth's right to collect the full amount of the inheritance tax owed. *See Estate of Fleishman*, 479 Pa. 569, 388 A.2d 1077 (1978). Here, Decedent's residuary estate can fully satisfy the six percent taxes on the transfer of property to the lineal heirs.

However, in the event a decedent's residuary estate is insufficient to pay the taxes, the particular beneficiary would be liable for the taxes on his legacy. Section 2144(f) of the Act, 72 P.S. § 9144(f), added by Section 36 of the Act of August 4, 1991 P.L. 97, ("the ultimate liability for the inheritance tax ... shall be upon each transferee"); *see also Estate of Kleinhans*, 454 Pa. 539, 312 A.2d 366 (1973). While we are not dealing with that situation in this case, the rule fully supports our holding because the person receiving the devise would be required to pay inheritance taxes *at a rate determined by his or her relationship with the decedent* (i.e., lineal or collateral heir). Thus, if the taxes on the lineal heirs' bequest could not be fully paid out of the residue, the lineal heirs would then have to pay the remaining tax liability. Payment of these taxes by the residuary thus clearly benefits the lineal heirs.

intent was to benefit the collateral beneficiaries only to the extent that monies remained in the residuary estate after the payment of, *inter alia,* all death taxes. *See Estate of Jones,* 796 A.2d 1003 (Pa.Super.2002). Unfortunately, in this case, the collateral beneficiaries receive nothing because estate administration expenses and taxes have consumed the residue. Consequently, there can be no transfer of property to collateral heirs and, thus, the 15% tax rate simply does not apply.

Accordingly, the order of the trial court is reversed and the residue of the Estate passing to or for the use of Decedent's lineal heirs is to be taxed at a rate of six (6) percent.

### *ORDER*

**NOW,** December 20, 2002, the order of the Court of Common Pleas of Montgomery County, Orphans' Court Division, in the above-captioned matter is hereby reversed and the residue of the Estate of Ray Bloom Ross passing to or for the use of her lineal heirs is to be taxed at a rate of six (6) percent.