# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:  World Communications          :
Charter School, A Non-Profit          :
Corporation                           :
                                      :    No.  1374 C.D. 2021
Appeal of:  World Communications      :    Submitted:  September 9, 2022
Charter School                        :

BEFORE:    HONORABLE RENÉE COHN JUBELIER, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIER          FILED:  November 17, 2023

World Communications Charter School (WCCS) appeals from a Final Decree of the Court of Common Pleas of Philadelphia County, Orphans' Court Division (orphans' court), dated April 26, 2021, granting summary judgment in favor of the Commonwealth of Pennsylvania (Commonwealth) and directing Urban Affairs Coalition (UAC) to distribute the assets remaining in the World Communications Charter School Education Fund (the Fund) to the School District of Philadelphia (SDP).  Also before the Court is a Motion to Dismiss or Quash as Moot (Motion to Dismiss)[1] filed by the Commonwealth and UAC seeking to dismiss or quash the appeal on the basis the assets were already distributed as ordered by the orphans' court.  Upon review, we grant the Motion to Dismiss on the basis the appeal is moot.

The following facts are not in dispute.  In 1997, WCCS formed a charter school that operated within the SDP.  (Commonwealth's "Petition to Approve

---

[1] The Commonwealth and UAC sought, as alternative relief, in their Motion to Dismiss a stay of the briefing schedule pending disposition of the mootness issue.  By order dated June 9, 2022, the Motion to Dismiss was listed for disposition with the merits of the appeal and the Commonwealth and UAC were directed to file briefs.

Dissolution of the World Communications Charter School Education Fund and Distribution of Assets to the School District of Philadelphia" (Petition)[2] & WCCS's Answer[3] thereto ¶ 4.) In June 2016, WCCS sold property it owned at 512-520 South Broad Street in Philadelphia for $10 million. (Petition & Answer ¶ 7.) The Fund was established from the net proceeds of the sale.[4] (Petition & Answer ¶ 9.) In November 2016, the School Reform Commission accepted WCCS's decision to not renew its charter and cancelled a revocation hearing that was scheduled. (Petition & Answer ¶ 13.) On June 30, 2017, WCCS ceased operations. (Petition & Answer ¶ 14.)

On August 9, 2019, the Commonwealth, acting in its capacity as *parens patriae*, filed the Petition seeking to approve dissolution of the Fund and distribution of its assets to SDP. The Commonwealth asserted that under the Charter School Law (CSL), 24 P.S. §§ 17-1701-A–17-1751-A,[5] a charter school may only receive and distribute funds for charter school purposes, and upon dissolution, the charter school's assets are to be proportionally distributed to its students' home schools, here SDP. (Petition ¶¶ 15-18.) The Commonwealth asserted the Fund was not established for charter school purposes and thus its assets should be transferred to SDP in accordance with the CSL. (*Id.* ¶¶ 19-22.) The Petition indicated that UAC consented to the distribution. (*Id.* ¶ 23.)

WCCS initially filed preliminary objections to the Petition asserting the Commonwealth failed to join an indispensable party, which the orphans' court

---

[2] The Petition appears in the Reproduced Record at pages 24a through 50a.

[3] The Answer appears in the Reproduced Record at pages 51a through 57a.

[4] While the parties agree the Fund was established, as discussed more fully below, they dispute to whom the donation was made.

[5] The CSL is part of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, added by Section 1 of the Act of June 19, 1997, P.L. 225.

overruled. (9/10/19 Orphans' Court Order, Original Record (O.R.) Item 3.)[6] Thereafter, WCCS filed an Answer opposing the Petition. Therein, WCCS denied the net proceeds of the sale of its property were donated to UAC, as the Commonwealth averred, (*see* Petition ¶ 9), and instead asserted they were donated to World Communications Education Foundation (WCEF), "a separate organization operating under [Section 501(c)(3) of the Internal Revenue Code of 1986, 26 U.S.C. §] 501(c)(3) [] and [the] supervision of UAC," (Answer ¶ 9).

In August 2020, the Commonwealth filed a Motion for Summary Judgment, which the orphans' court denied without prejudice for failure to conform to the rules of court. (10/20/20 Orphans' Court Order, O.R. Item 9.) In November 2020, the Commonwealth filed its Amended Motion for Summary Judgment, to which WCCS responded.[7]

Following briefing, the orphans' court issued its Final Decree dated April 26, 2021, granting the Commonwealth's Amended Motion for Summary Judgment and ordering UAC to distribute the remaining assets of the Fund, specifically $6,457,052.30 plus any additional interest earned, within 30 days of the order becoming final. In its accompanying opinion, the orphans' court examined the CSL and determined that pursuant to the CSL, upon dissolution, WCCS's assets could be disbursed for "charter school purposes only," a term that was not defined by the CSL. (Orphans' Court Opinion (Op.) at 9-10.) However, based on the definition of

---

[6] The orphans' court order also directed the assets of the Fund be distributed to SDP within 20 days, but distribution was subsequently stayed. (*See* 9/20/19 Orphans' Court Order, O.R. Item 5.)

[7] The Amended Motion for Summary Judgment and WCCS's Response thereto are in the Reproduced Record at pages 69a through 128a and 60a through 67a, respectively.

3

"[c]harter school,"[8] the orphans' court concluded "it is not terribly vexing to discern the meaning of 'charter school purposes only.'" (*Id.* at 10.) "Guided by the specific language of Section []1703-A and the rules of statutory construction," the orphans' court concluded "it is possible . . . to determine as a matter of law if the facts are undisputed whether funds have been dispersed for charter school purposes only." (*Id.*) The orphans' court determined there were two critical issues, whether the distribution to UAC was for a "charter school purpose only" and whether the Fund was a separate legal entity from UAC, both of which were questions of law in its opinion. (*Id.* at 10-11.) The orphans' court noted UAC did not oppose the Petition, which "supports the conclusion that UAC's 'purpose' is not a 'charter school purpose only,'" but found it was "not necessary . . . to rely on th[at] inference[]" as the documentary evidence "provide[s] clear evidence that the charitable purpose of [] UAC is considerably broader than 'charter school purposes only.'" (*Id.* at 11.) The orphans' court explained:

> In particular, UAC's Articles of Incorporation and By-laws . . . outline the broad charitable purposes of UAC as follows:
>
>> The purpose of the corporation is to conduct exclusively charitable and educational activities within the meaning of [S]ection 501(c)(3) of the Internal Revenue Code of 1986 . . . relating primarily to the promotion of social welfare and the quality of life in the Philadelphia metropolitan area.
>>
>> The corporation shall have the power and authority to engage in all activities which support its purposes,

---

[8] Section 1703-A of the CSL defines "[c]harter school" as "an independent public school established and operated under a charter from the local board of school directors and in which students are enrolled or attend. A charter school must be organized as a public, nonprofit corporation. Charters may not be granted to any for-profit entity." 24 P.S. § 17-1703-A. Section 1703-A was added by Section 1 of the Act of June 19, 1997, P.L. 225.

especially programs designed to promote equal justice and racial harmony, equality of opportunity, basic education and youth employment, and neighborhood and business development, and raising funds for such activities and programs whether conducted by the corporation or by other organizations which are qualified to receive such support.

(*Id.* (quoting Amended Motion for Summary Judgment, Exhibit 2)).)

The orphans' court continued: "Clearly, the broad mandate of [] UAC to promote equal justice, racial harmony, equality of opportunity, basic education[,] and youth employment goes beyond 'charter school purposes only.'" (*Id.*) The orphans' court found WCCS's assertion that the donation was made to a separate entity was "belied" by the record, which included a Fiscal Sponsorship Agreement between UAC and WCEF, under the terms of which UAC retained control over its program partners, such as WCEF. (*Id.* at 11-12.)

WCCS filed a timely notice of appeal. On appeal,[9] WCCS argues the orphans' court erred or abused its discretion by granting summary judgment because the term "charter school purpose" is not defined by the CSL and a trier of fact could have determined the distribution was for a "charter school purpose." (WCCS's Brief (Br.) at 14-17.) It contends the orphans' court usurped the role of the jury as factfinder. (*Id.* at 17-18.)

On May 3, 2022, the Commonwealth and UAC filed the Motion to Dismiss. Therein, the Commonwealth and UAC assert WCCS never sought reconsideration of the Final Decree nor did it seek a stay pending appeal. (Motion to Dismiss ¶¶ 8-

---

[9] The standard of review of an order granting summary judgment is limited to deciding whether the court committed an error of law or abused its discretion. *Wise v. Huntingdon Cnty. Hous. Dev. Corp.*, 212 A.3d 1156, 1159 n.4 (Pa. Cmwlth. 2019). "Summary judgment may be granted only in those cases in which the record clearly shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *In Re Est. of Ross*, 815 A.2d 30, 34 n.9 (Pa. Cmwlth. 2002) (emphasis and citation omitted).

9.) Thus, when the orphans' court order became "final," UAC complied with its terms and delivered the entire amount of the funds at issue to SDP on or about July 1, 2021. (*Id.* ¶¶ 10-11.) Because there was no actual case or controversy remaining and "the [o]rphans' [c]ourt lacks the power to undo what has been done," the Commonwealth and UAC request this Court dismiss and/or quash WCCS's appeal as moot. (*Id.* ¶¶ 11-14.) WCCS did not file an answer to the Motion to Dismiss.[10]

In their respective briefs, the Commonwealth and UAC reiterate the matter is moot based upon the assets being distributed pursuant to the Final Decree. (Commonwealth's Br. at 11-12; UAC's Br. at 5-8.) As to the merits, the Commonwealth argues there was no usurpation of the jury's role as WCCS had no right to a jury trial. (Commonwealth's Br. at 14-15.) Moreover, the Commonwealth and UAC argue the evidence demonstrates UAC's purpose is broader than for charter school purposes only. (Commonwealth's Br. at 15-17; UAC's Br. at 8-11.)

Before turning to the merits, we must first address a threshold issue: whether the instant appeal is moot based upon UAC's payment of the disputed funds to SDP. Courts generally will not decide moot cases. *Costa v. Cortes*, 142 A.3d 1004, 1016 (Pa. Cmwlth. 2016). It is well established that courts "do not render decisions in the abstract or offer purely advisory opinions." *Pittsburgh Palisades Park, LLC v. Commonwealth*, 888 A.2d 655, 659 (Pa. 2005). Stated another way, our courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 121 (Pa. Cmwlth. 2004) (quoting *Spencer v. Kemna*, 523 U.S. 1, 18

---

[10] WCCS also did not respond when counsel for UAC sought concurrence prior to filing the Motion to Dismiss pursuant to Rule 3707 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 3707. (Motion to Dismiss ¶ 15.) Nor did WCCS file a reply brief addressing the mootness issue, which the Commonwealth and UAC raised again in their principal briefs.

(1998)). "[A]n actual case or controversy must be extant at all stages of review, not merely at the time the [appeal] is filed" in order to avoid mootness. *Pap's A.M. v. City of Erie*, 812 A.2d 591, 599-600 (Pa. 2002). An intervening change in facts or the law may render an issue moot. *In re Gross*, 382 A.2d 116, 119-20 (Pa. 1978).

Here, the orphans' court directed the funds be distributed within 30 days of its adjudication becoming final. Importantly, WCCS neither sought reconsideration of that decision with the orphans' court nor sought for it to be stayed pending WCCS's appeal to this Court. Instead, the Final Decree was permitted to take effect and UAC, pursuant to the orphans' court directive, distributed all of the assets of the Fund to SDP. This intervening change in facts has rendered this matter moot. *In re Gross*, 382 A.2d at 119-20. Accordingly, we grant the Commonwealth's and UAC's Motion to Dismiss and dismiss WCCS's appeal.[11]

_____
**RENÉE COHN JUBELIRER,** President Judge

Judge Dumas did not participate in the decision of this case.

---

[11] There are exceptions to the mootness doctrine, but WCCS does not assert any would apply here and the Court cannot discern any that would.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: World Communications | : | |
| Charter School, A Non-Profit | : | |
| Corporation | : | |
| | : | No. 1374 C.D. 2021 |
| Appeal of: World Communications | : | |
| Charter School | : | |

## O R D E R

**NOW**, November 17, 2023, the Motion to Dismiss or Quash Appeal as Moot filed by the Commonwealth of Pennsylvania and Urban Affairs Coalition, to which no response was filed, is **GRANTED**. The appeal filed by World Communications Charter School is dismissed as moot.

_____

**RENÉE COHN JUBELIRER,** President Judge